UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

          Plaintiff,

                                          Case No. 1:21-cr-00862-001-KWR

   -vs-

KEVIN LEE RANGEL,

          Defendant.

## ORDER DENYING SEALED EMERGENCY OPPOSED MOTION FOR FURLOUGH

**THIS MATTER** is before the Court on defendant Kevin Lee Rangel's Sealed Emergency Opposed Motion for Furlough, filed on January 5, 2022.  Doc. 32.  Mr. Rangel essentially is seeking release from custody for nine hours beginning tomorrow morning at 8:00 am to attend a family member's funeral.  *See id.*  The circumstances of the death and further details regarding the proposed furlough are contained in the sealed motion, which I have considered but will not repeat here.  The United States opposes Mr. Rangel's request.  *Id.* at 2.  The motion does not state the position of pretrial services in violation of D.N.M. LR-Crim. 47.3.  The Court denies Mr. Rangel's motion for the following reasons.

    I.    **Background**

Mr. Rangel originally was arrested on a criminal complaint and charged with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924.  *See* Doc. 1.  He had the opportunity for a detention hearing on June 10, 2021, but he waived his right to contest

detention at that time.  Doc. 15.  After considering the pretrial services report, the Court found by clear and convincing evidence that Mr. Rangel was a danger to the community and by a preponderance of evidence that he likely would fail to appear if released.  Doc. 18 at 2.  Mr. Rangel's criminal history includes at least eighteen separate felony cases since 1992, most involving multiple violent crimes, many involving firearms, and many involving the trafficking of controlled substances.  *See* Doc. 11 at 4–14.  Nearly every case resulted in a felony conviction.  *See id.*  In every case where a term of parole or probation resulted, Mr. Rangel violated the terms, usually multiple times.  *See id.*  Investigating officers characterized Mr. Rangel in the complaint as a violent drug trafficker with gang associations.  *See* Doc. 1 at 2.

Since June 10, 2021, Mr. Rangel was indicted.  He currently faces ten federal charges in this case, all felonies:  Possession with Intent to Distribute 400 Grams and More of Fentanyl, 21 U.S.C. 841(a)(1)and(b)(1)(A); Possession with Intent to Distribute One Kilogram and More of Heroin, 21 U.S.C. 841(a)(1)and(b)(1)(A); Possession with Intent to Distribute 500 Grams and More of a Mixture and Substance Containing Methamphetamine, 21 U.S.C. 841(a)(1)and(b)(1)(A); Using and Carrying a Firearm During and in Relation to a Drug-Trafficking Crime, and Possessing a Firearm in Furtherance of Such Crime, 18 U.S.C. 924(c)(1)(A)(i); Using and Carrying a Short-Barreled Rifle During and in Relation to a Drug-Trafficking Crime, and Possessing a Short-Barreled Rifle in Furtherance of Such Crime, 18 U.S.C. 924(c)(1)(A)and(B)(i); Maintaining a Drug-Involved Premises, 21 U.S.C. 856(a)(1); Possession with Intent to Distribute 400 Grams and More of Fentanyl, One Kilogram and More of Heroin, and 500 Grams and More of a Mixture and Substance Containing Methamphetamine, and Maintaining a Drug-Involved Premises Within 1,000 Feet of a Playground, 21 U.S.C. 860(a); two counts of Felon in Possession of a Firearm and Ammunition, 18 U.S.C. 922(g)(1)and

924; and Violent Felon in Possession of Body Armor, 18 U.S.C. 931. Doc. 10. Several of these charges carry a presumption that Mr. Rangel should be detained pending his trial. *See* 18 U.S.C. §§ 3142(e)(3)(A), (B). The trial in this case has been continued twice and currently is scheduled for March 7, 2022. Doc. 30.

## II. Mr. Rangel's Motion

Although Mr. Rangel does not state the statutory authority for his temporary release from custody in his motion, but the Court presumes that he is seeking release under 18 U.S.C. § 3142(i). Under § 3142(i), a judicial officer who ordered a defendant detained may subsequently "permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). Mr. Rangel appears to argue that the death of this close family member and the ability to attend his funeral and burial is a "compelling reason" that would warrant his release. *See* Doc. 32 at 2.

First, although the Court is sympathetic to Mr. Rangel's plight, it has been unable to find any case in which a Court has found that attending a funeral is a "compelling reason" to temporarily release someone on 18 U.S.C. § 3142(i), and Mr. Rangel has not cited any such case. *See* Doc. 32. The reality is that many defendants experience significant and even devastating losses while in custody just as they would while out of custody, but it is not obvious that § 3142(i) is meant to provide a mechanism for defendants to attend funerals. Courts typically have granted relief under § 3142(i) only "sparingly to permit a defendant's release where, for example, he is suffering from a terminal illness or serious injuries." *United States v. Hamilton*, No. 19-CR-54-01, 2020 WL 1323036, at *2 (E.D.N.Y. Mar. 20, 2020). Recently, most cases

3

that examine § 3142(i) have been in relation to the Covid-19 pandemic, and most courts have found that the pandemic and a particular defendant's increased risks if he or she became infected do not constitute a compelling reason for temporary release. *See, e.g.*, *United States v. Clark*, 448 F. Supp. 3d 1152, 1154–62 (D. Kan. Mar. 25, 2020); *United States v. Arvizo*, 2020 WL 6384242, *4–*5 (D.N.M. Oct. 30, 2020).

Second, Mr. Rangel bears the burden of proof in showing that his temporary release is "necessary . . . for another compelling reason." *See Clark*, 448 F. Supp. 3d 1152, 1155; *United States v. Reese*, 2012 WL 13080791, *2 (D.N.M. Apr. 2, 2012). And the Court still must consider whether Mr. Rangel poses either a risk of flight or a danger to the community if released, even if only for nine hours. *See Clark*, 448 F. Supp. 3d at 1157–58; *Reese*, 2012 WL 13080791, at *2. Here, Mr. Rangel proposes that he be released to his fiancée, who will take him to the funeral and burial, and return him to the detention center the same day. Doc. 32 at 2. Pretrial Services, of course, does not have time to vet this individual given the timing of the motion and the funeral. The Court notes that the death occurred more than two weeks ago, and although funeral arrangements likely were not made immediately, counsel could have made pretrial services aware of that Mr. Rangel likely would file a motion for furlough so that pretrial services could investigate whether Mr. Rangel's fiancée is an appropriate third-party custodian. More importantly, however, Mr. Rangel's motion does not address the serious risks of flight and danger that the Court noted in its detention order, and which are further explored in the pretrial services report. *See* Doc. 32. Nor has he addressed the presumption of detention that applies to the charges in his indictment. *See id.* Mr. Rangel has not met his burden of showing that his temporary release is necessary, nor has he shown that conditions could be imposed that would

both assure his return to custody and that he would not be a danger to the community while on release.

### III. Conclusion

**IT IS THEREFORE ORDERED** that defendant Kevin Lee Rangel's Sealed Emergency Opposed Motion for Furlough (Doc. 32) is DENIED.

DATED this 5th day of January 2022

_____
Laura Fashing
United States Magistrate Judge